**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21257-CIV-ALTONAGA/Reid**

ASYLON, INC.,

      Plaintiff,

v.

HEXTRONICS, LLC,

      Defendant.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court *sua sponte*.  On February 25, 2026, Plaintiff, Asylon,

Inc. filed a Complaint [ECF No. 1] asserting four claims for relief against Defendant, Hextronics,

LLC.  (*See id.* ¶¶ 22–86).  Upon review, the Court concludes that the Complaint is an impermissible

shotgun pleading and must be dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain

statement of the claim showing that the pleader is entitled to relief[.]"  *Id.* (alterations added).

"Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds

upon which it rests.'"  *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

"Complaints that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun

pleadings.'"  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)

(alterations added).  "The typical shotgun complaint contains several counts, each one

incorporating by reference the allegations of its predecessors, leading to a situation where most of

the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Such complaints make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted). For this reason, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Complaint is a quintessential shotgun pleading. Plaintiff's second through fourth claims for relief each "incorporate by reference the allegations" in the previous counts. (*See* Compl. ¶ 46 (incorporating by reference the allegations in paragraphs 1–45); ¶ 56 (incorporating by reference the allegations in paragraphs 1–55); ¶ 78 (incorporating by reference the allegations in paragraphs 1–77)). Plaintiff's copy-paste approach makes it difficult to ascertain what factual allegations and legal conclusions correspond to each claim. *See Beckwith v. Bellsouth Telecommc'ns Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005). That is precisely the defect the Eleventh Circuit has repeatedly condemned: "[t]he result is that [the second through fourth] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Asylon, Inc.'s Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **March 5, 2026** to submit an amended complaint correcting the foregoing deficiencies.

CASE NO. 26-21257-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 26th day of February, 2026.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record